

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

December 27, 1972

Honorable B. R. Fuller
Acting Executive Director
Texas Department of Community
  Affairs
P. O. Box 13166, Capitol Station
Austin, Texas

Opinion No. M-1285

Re: Questions concerning
the relationship be-
tween the Building
Materials and Systems
Testing Laboratory
and the Texas Depart-
ment of Community
Affairs.

Dear Mr. Fuller:

In your recent request you state that certain questions have arisen concerning the relationship between the Texas Department of Community Affairs, Article 4413(201), Vernon's Civil Statutes, and the Building Materials and Systems Testing Laboratory, Article 4413(39), Vernon's Civil Statutes.

In this connection you request our opinion on four specific questions:

(1) In Section 5(d) of Article 4413(39), was it the intent of the Legislature to make the Building Materials and Systems Testing Laboratory subject to the policies, controls and direction of the Texas Department of Community Affairs, the successor agency to the Division of State-Local Relations of the Governor's Office?

Our answer is "yes". Section 2(4) of Article 4413(39) defines the "Department" as "the Division of State-Local Relations, Office of the Governor or any successor agency to that Division". There-fore, under Section 5(d) of Article 4413(39), the Building Materials and Systems Testing Laboratory, through their Technical Testing and Evaluation Council, is subject to the policies, controls

and direction of the Department of Community Affairs, the successor agency.

> (2) If the Laboratory is assigned to the Texas Department of Community Affairs, can the executive director of the Department authorize the Comptroller's Office to issue warrants against department funds for the laboratory?

Our answer is "yes". Article 4413(201), Section 5(4) and Section 13 authorize the executive director of the Department to "administer all moneys entrusted to the department" and ". . . expend for its purposes any appropriations or grants from the State of Texas, the federal government, or any other source . . ." This is express authority to the Department, through its executive director, to use department funds for laboratory purposes.

> (3) In Section 6(b) of Article 4413(39), mention is made of "included upon any list of testing laboratories formulated by the board". In this instance, does "board", which is not defined by Article 4413(39), refer to the Council or the Department?

Our opinion is that "board" refers jointly to the Department and the Council. The term "board" is not defined by the Act and the quoted sentence in Section 6(b) is the only place in the Act that this term is used. We must ascertain the intent of the Legislature in using the term. By the established rules of statutory construction we must look to the context in which the term is used and the intention and purpose as manifested in the Act as a whole. In Section 6(a) the overall standards for testing and evaluation are "adopted or promulgated by the council and approved by the department." This method is in essence a joint function of the Council and Department as a "board". Using this sense of the term then in Section 6(b) the adoption of a list of acceptable testing laboratories would be formulated by recommendation of the Council with approval of the department as the "board".

(4) Section 7(b) of Article 4413(39) states that "All fees shall be paid to the laboratory and deposited for the use of the laboratory in the administration and enforcement of this Act." Does this restrict the payment of all administrative charges to those funds established in the State Treasury by the payment of fees? Or is it possible for the Texas Department of Community Affairs to pay necessary administrative charges during the start-up phase of the laboratory from funds budgeted for that purpose within the Department's regular appropriations?

Sections 7(a) and (b) of Article 4413(39) prescribe the authority and purpose of the establishment and collection of laboratory fees, "...to pay the costs incurred in the administration and implementation of this Act." These fees should be used first to pay the necessary administrative costs in providing the testing and evaluation services, then any additional funds available to the Texas Department of Community Affairs may be used to pay for the administration and implementation of Article 4413(39) under authority of Sections 5(4) and 13 of Article 4413(201). The Comptroller is authorized to issue warrants out of appropriated funds for such purposes.

## S U M M A R Y

The Texas Department of Community Affairs is the "department" charged with setting policies, controls and direction for the Technical Testing and Evaluation Council of the "Laboratory" established by Article 4413(39), Vernon's Civil Statutes. The term "board" in Section 6(b) of Article 4413(39) means the Council and Department acting together. The "Department" as defined in Article 4413(39), Section 2(4),

through its executive director, has authority to pay administrative expenses of the Laboratory by requesting the Comptroller to issue warrants out of appropriated funds for such purposes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Harry C. Green
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

W. E. Allen, Chairman
Sig Aronson
Bob Lattimore
Bill Flanary
John Banks

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant